993 F.2d 1539
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Garland ARNOLDT, a/k/a Shagg, Defendant-Appellant.
 No. 92-5121.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 7, 1993
Decided: June 8, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-89-3)
 Barbara H. Lupton, Masters & Taylor, L.C., Charleston, West Virginia, for Appellant.
 Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 Michael W. Carey, United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before RUSSELL, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 In United States v. Arnoldt, 947 F.2d 1120 (4th Cir. 1991), cert. denied, 112 S. Ct. 1666 (1992), this court affirmed Arnoldt's convictions in two separate trials. With respect to sentencing for his second conviction, however, we remanded for additional fact finding on the question of whether Arnoldt properly received a four-level enhancement of his base offense level under United States Sentencing Commission, Guidelines Manual, § 3B1.1(a) (Oct. 1988) for being an organizer or leader of criminal activity. On remand, the district court again found that Arnoldt was an organizer or leader of criminal activity under § 3B1.1(a) and imposed the same sentence. Arnoldt appeals this decision.
 
 
 2
 "A determination by the district court of a defendant's role in the offense is a factual determination and is thus reviewable under the clearly erroneous standard." Arnoldt, 947 F.2d at 1128. The district court determined that Arnoldt was an organizer or leader under § 3B1.1(a) because: he was the president of the Kentucky Chapter of the Pagan Motorcycle Club, an extensive criminal enterprise that had in excess of 20 members; he was a prominent source and supplier of drugs; and his persona permitted him to exercise considerable weight in the criminal organization. Our review of the record convinces us that the finding of the district court that Arnoldt"was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," U.S.S.G. § 3B1.1(a), is not clearly erroneous. Consequently, we affirm.
 
 AFFIRMED